UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE E. BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. 1:17-CV-103 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of coram nobis. For the reasons set forth below, the petition will be denied.

## Background

After a jury trial in August of 2006, petitioner was originally sentenced to 240 months' imprisonment following his conviction on a single count of possession with intent to distribute five grams or more of cocaine base. *See United States v. Brown*, 1:05CR178 RLW (E.D.Mo.).

Petitioner represented himself at his trial, with the assistance of appointed stand-by counsel. His conviction and sentence were affirmed on appeal. *United States v. Brown*, 499 F.3d 817 (8th Cir. 2007). After the U.S. Sentencing Guidelines relating to crack cocaine were amended, the Court reduced his sentence to 192 months' imprisonment. He appealed that sentence and it was affirmed. *United States v. Brown*, No. 09-2423 (8th Cir. March 26, 2010). On October 18, 2011, petitioner's sentence was further reduced by this Court to 144 months' imprisonment.

Petitioner's supervised release commenced on September 5, 2014, for a term of eight (8) years. His supervised release was revoked on November 2, 2016, and petitioner was sentenced to a term of imprisonment of sixty (60) months.

Petitioner filed his motion to vacate his sentence, brought pursuant to 28 U.S.C. § 2255, on December 31, 2008, prior to the reduction of his sentence because of the amended crack guidelines. *See Brown v. United States*, 1:08CV182 CDP (E.D.Mo.). The Court denied petitioner's motion on November 8, 2010, and the Eighth Circuit denied petitioner's request for a certificate of appealability. *Brown v. United States*, No. 10-3645 (8th Cir. February 18, 2011).

Petitioner filed the instant petition for writ of coram nobis on June 19, 2017. Petitioner argues that his Constitutional rights were violated when a "faulty" search warrant was issued relating to his 2006 conviction and sentence. Specifically, petitioner's arguments relate to a "no-knock" search warrant at his residence where police found nine grams of a substance containing cocaine base which resulted in petitioner's arrest in March of 2005. Petitioner asserts that the affidavit in support of the search warrant failed to state a substantial basis for supporting probable cause. Additionally, petitioner argues, that Detective Chris Rataj, the affiant, included false information in his affidavit, when he stated that Connie Franks claimed that she had purchased drugs from petitioner from his residence on a prior occasion.

Petitioner's premise in his coram nobis seems to be that because the search warrant was "faulty," the premises at which petitioner was found in possession of cocaine was the subject of a warrantless search, and any evidence seized in that search should not have been used against him, or should have been excluded from, his underlying criminal proceedings.

Petitioner made this same argument in his pretrial proceedings, at his trial, on his direct appeal, in his § 2255 proceedings and on appeal of his § 2255 proceedings. In fact, the Eighth Circuit summarized the evidence of the search warrant affidavit as follows:

> To obtain the search warrant, Detective Chris Rataj submitted an affidavit which included the following information: Detective Rataj's qualifications; Brown's criminal history; that Brown was being investigated for distributing crack cocaine; that Connie Franks had told police that she purchased crack several times from Brown at his residence; that a reliable confidential informant (CI) had, in the

previous two days, bought crack cocaine and reported that Brown discussed having a handgun; and that Brown was a suspect who had admitted his involvement in a 1984 homicide.

At trial, petitioner cross-examined both Detective Rataj and Connie Franks and recalled Detective Rataj in his own case. Moreover, his appointed counsel filed suppression motions related to the aforementioned issues, but the motions were denied. Additionally, the Court of Appeals considered petitioner's challenges to the warrant and concluded that it was supported by probable cause. The Appeals Court agreed that petitioner had, in fact, been given a hearing consistent with *Franks v. Delaware*, 438 U.S. 154 (1978), as both the Magistrate and the District Judges in petitioner's criminal proceedings considered all of the evidence petitioner believed showed the warrant application was false. At all three levels of consideration, the Courts concluded that the warrant was appropriately supported by probable cause. As to this issue specifically, the Eighth Circuit stated:

> Given the totality of circumstances, we find that the affidavit provided a substantial basis for the issuing magistrate to conclude that probable cause existed, even without the information regarding Connie Franks. And, if Franks information is included in the analysis, it is not even a close call as to whether probable cause supported issuance of the warrant.

Given the aforementioned analysis, there is no reason for the Court to re-analyze petitioner's arguments relating to the warrant underlying his 2005 arrest, especially when a coram nobis is not a procedural mechanism available to petitioner when he is currently incarcerated.

**Discussion**

Federal Courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at

3

hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. U.S.*, 517 U.S. 416, 429 (1996). Coram nobis is an "extraordinary remedy," and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court for the Northern Dist. of California*, 426 U.S. 394, 403 (1976).

Coram nobis is not intended to be a substitute for proceedings brought pursuant to 28 U.S.C. § 2255. *See U.S. v. Noske,* 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan,* 346 U.S. 502, 511 (1954). In fact, a writ of coram nobis is available only when the applicant is not in custody. *U.S. v. Esogbue,* 357 F.3d 532, 534 (5th Cir. 2004); *U.S. v. Torres,* 282 F.3d 1241, 1245 (10th Cir. 2002). Petitioner is currently being held at the Forest City Federal Correctional Institution in Forest City, Arkansas. As such, coram nobis proceedings are not the appropriate vehicle to bring his arguments to this Court.

There is no doubt that petitioner raised the aforementioned issues in his motion to vacate, brought pursuant to 28 U.S.C. § 2255, both as a direct challenge under the Fourth Amendment and as an ineffective assistance of counsel claim under the Sixth Amendment. *See, e.g., Baranski v. U.S.,* 515 F.3d 857, 860 (8th Cir. 2008) (noting that a federal prisoner may bring a Fourth Amendment claim under § 2255). Thus, petitioner has had an opportunity to bring his issues to this Court, as well as the Court of Appeals. If petitioner wishes to address his issues a second time in a successive motion to vacate, he will need permission from the Eighth Circuit in order to do so. *See* 28 U.S.C. §§ 2244 and 2255(h).

As the claims in the instant petition have already been raised on direct appeal and in petitioner's § 2255 motion, the petitioner is not entitled to a writ of coram nobis. Moreover, petitioner has failed to show that he was denied a fundamental right, and the petition will be denied without further proceedings.

4

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of coram nobis is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of June, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE